UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOHN HOLDCRAFT,<br>   Plaintiff,<br><br>v.<br><br>TOWN OF BROOKFIELD, and<br>TOWN OF BROOKFIELD ZONING<br>BOARD OF APPEALS,<br>   Defendants. | Civil Action<br>No. 17-12049-TSH |

## MEMORANDUM OF DECISION AND ORDER
March 13, 2019

**HILLMAN, D.J.**

### Background

John Holdcraft ("Holdcraft" or "Plaintiff") filed a complaint in the Worcester Superior Court on September 19, 2017 against the Town of Brookfield ("Town") and Town of Brookfield Zoning Board of Appeals ("ZBA") challenging the ZBA's decision requiring him to remove a shed on his property from which he operates a charitable business. Holdcraft seeks the following relief: (1) a declaratory judgment that the ZBA decision is invalid (Count One); (2) injunctive and equitable relief, due to the harm that would result from having to remove the shed, which has been on his property since 2003 (Count Two); and (3) damages for deprivation of his property rights, due process and right to quiet enjoyment in retaliation for having exercised his federal and

state right to free speech (Count Three). This Memorandum of Decision and Order addresses Defendant's Motion To Dismiss (Docket No. 7). For the reasons set forth below, that motion is granted.

## Facts

On or about July 17, 2003, the ZBA granted a special permit to Holdcraft to build a shed on his property located on South Maple Street in Brookfield, Massachusetts ("Property"). The special permit was filed with the Town Clerk on August 18, 2003. This special permit was "issued for a period of two years, subject to renewal for a year period upon the applicant's compliance with all the conditions in this permit on the operation of this business during the permit period." On June 2, 2005, the ZBA voted unanimously in favor of Holdcraft's request for an extension of the original permit. The permit granting the extension stated that: "[t]he members of the Zoning Board of Appeal voted at their meeting … for an extension for John Holdcraft to build a shed as agreed almost 2 years ago. The shed will be 27 feet x. 8 feet with a 36-inch-wide door. The, original agreement was 17 Jul 03. This extension is good until 31 Dec 05." The permit was filed with the Town Clerk on June 9, 2005.

Thereafter, Holdcraft built his shed and used it to store goods, material and products. Holdcraft was able to use the shed and the property surrounding it in quiet enjoyment until March 21, 2017 (approximately twelve years after the extension was granted) when Clarence Snyder ("Snyder"), a member of the Town's Board of Selectman, filed a "Request for Zoning Enforcement" ("Request") with the Brookfield Zoning Enforcement Officer ("ZE Officer"). Snyder asked that the ZE Officer "order the removal, forthwith, of the business signage from the [Property]." Snyder has no legal relation to the Property, that is, he is not an owner or abutter and

does not live near the Property. Significantly, Holdcraft has maintained a sign on the Property questioning Snyder's abilities and capabilities to serve as a Selectman.

In response to Snyder's Request, the ZE Officer wrote back to Snyder on April 3, 2017, stating that he had inspected the Property and had imposed three specific requirements on Holdcraft regarding landscaping, signage and leaving materials outside the shed. However, the ZE Officer did not order Holdcraft to remove the shed. Snyder filed an appeal of the ZE Officer's decision to the ZBA stating that the ZE Officer had failed to address the primary issue of whether the special permit had expired on December 31, 2005. He further stated: "Please be advised that I am aggrieved by the decision and I request a public hearing on this appeal. Following the hearing, I request that the Zoning Board of Appeals grant my appeal and determine that the special permit has lapsed and the enforcement action should be taken by the ZEO to require removal of the business, shed and signage on the property." Snyder did not explain how he was aggrieved by the ZE Officer's decision.

The ZBA scheduled a hearing on Snyder's complaint. In contravention of Massachusetts law, neither Holdcraft, the abutters or any other parties with an interest in the Property were notified of the hearing. The hearing was scheduled for July 19, 2017 but was continued multiple times and was ultimately held on August 16, 2017. Notice of the first two continuances (to August 1 and then to August 2, 2017) was not provided to Holdcraft, the abutters, or any other persons with a legal interest in the Property. Although Holdcraft was served with two weeks' prior notice of the final continuance to August 16, 2017, notice was not given to the abutters or any other persons with a legal interest in the Property.

Prior to the August 16th hearing date, Holdcraft's counsel sent a letter to the ZBA's counsel and Snyder's counsel pointing out perceived flaws with respect to the upcoming

3

meeting. The letter to the ZBA's counsel noted that a ruling upholding Snyder's complaint would require Holdcraft to take down a building that has been up since 2005 and end his quiet enjoyment of the Property that has existed since the permit was granted. At the hearing, Holdcraft's counsel argued that Snyder had no standing to appeal the ZE Officer's letter ruling because he was not an abutter, had no legal interest in the Property, and was otherwise not an "aggrieved" party. The ZBA ruled 4 to 1 in favor of upholding Snyder's complaint.

The ZBA's decision upholding Snyder's complaint was filed with the town clerk on August 30, 2017 (the "ZBA's Decision"). On September 19, 2017, Holdcraft filed a complaint in state court. He attempted to have notice and a copy of the complaint brought to the clerk's office that same day. According to Holdcraft's attorney, when he reached the Town office building sometime between 3:45 and 4:00 p.m., the building itself was open, but the Town Clerk's office was closed. Holdcraft emailed the complaint to the Town's counsel that afternoon and announced that he had filed a complaint at a Board of Selectmen meeting that evening. Holdcraft states that the Town Clerk "may" have been at the meeting.

## **Discussion**

Defendants allege that Holdcraft failed to serve a copy of his complaint on the Town Clerk within twenty days of the filing of the ZBA's Decision, as required by Mass.Gen.L. ch. 40A § 17 ("Chapter 40A")[1]. They argue that the complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because the untimeliness of the appeal divests the Court of subject matter

---

[1] Under Mass.Gen.L., ch. 40A, §17,' "[a]ny person aggrieved by a decision of the board of appeals or any special permit granting authority … may appeal to the land court department, the superior court department in which the land concerned is situated … by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk … *Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days.*" Mass.Gen.L. ch. 40A, § 17 (emphasis supplied).

4

jurisdiction over his claims. They further argue that the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief.

<u>Whether Plaintiff's Complaint must be Dismissed for Lack of Subject Matter Jurisdiction</u>

*<u>Standard of Review</u>*

Defendants assert that Holdcraft's complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because he failed to timely appeal the ZBA's decision in accordance with Massachusetts law. Pursuant to Fed. R. Civ. P. 12(b)(1), a claim must be dismissed when the court lacks subject matter jurisdiction. A motion to dismiss for lack of jurisdiction "is flexible, and it can serve as a procedural vehicle for raising a variety of challenges to the court's power to hear the case." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (*citing* 5B CHARLES ALAN WRIGHT & ARTHUR B. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350, at 61 (3d ed. 2004)). Once a defendant challenges a court's subject matter jurisdiction, the burden shifts to the plaintiff to establish a foundation for jurisdiction by a preponderance of the evidence. *Padilla–Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir.2008); *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir.1996). Dismissal is proper when "[a] court lacks jurisdiction over the claims or the parties." *Overton v. Torruella et al.,* 183 F.Supp.2d 295, 303 (D.Mass.2001). In ruling on a Rule 12(b)(1) motion, a court's consideration is not limited to the well pleaded facts in the complaint as it "may consider whatever evidence has been submitted, such as depositions and exhibits." *Carroll v. United States,* 661 F.3d 87, 94 (1st Cir. 2011) (quoting *Aversa,* 99 F.3d at 1209–10).

### Whether Plaintiff's Claims Should Be Dismissed for Lack of Subject Matter Jurisdiction

Holdcraft's alleged failure to file a timely notice of appeal with the clerk's office would not bar him from bringing suit in this Court as violations of state rules of procedure cannot divest a federal court of subject-matter jurisdiction. S*ee United States v. Town of Lincoln Zoning Bd. of Appeals*, 928 F. Supp. 2d 272, 276 (D. Mass. 2013). However, failure to comply with an obligatory state procedural requirement may preclude this Court from reviewing the matter. *Town of Lincoln Zoning Bd. Of Appeals*, 928 F. Supp. 2d at 276-277. Where a party fails to comply with Chapter 40A's requirement that a notice of appeal be filed with the town clerk within twenty days of the ZBA decision, such party's complaint is subject to dismissal.

Accordingly, I will determine whether the Defendants have established that Counts One and Two of Holdcraft's complaint must be dismissed for failure to file a timely notice of suit with the Town Clerk. I will then address whether Holdcraft's constitutional claims asserted in Count Three of the complaint should be dismissed for failure to state a claim.

### Whether the Complaint states a Claim under Rule 12(b)(6)

#### Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the court focuses on whether the complaint alleges sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S. Ct. 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955 (2007). This "requires more than labels and conclusions." *Twombly*, 550 US 554, 555, 127 S.Ct. 1955. In evaluating the plausibility of a claim, the court must accept the factual allegations alleged in the complaint as true and decide if, drawing all reasonable inferences in the plaintiff's favor, they are sufficient to show an entitlement to relief.

*Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). Conclusory legal allegations, however, are not entitled to such presumption. *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013); *Manning*, 725 F.3d at 43. Indeed, "if the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010). The court may draw on judicial experience and common sense in evaluating a complaint, but may not disregard factual allegations even if it seems that actual proof of any particular fact is improbable. *Iqbal*, 556 U.S. at 667, 129 S. Ct. 1949; *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955.

*Failure to Timely File Appeal of ZBA Decision with Town Clerk*

For a state court to have jurisdiction over a ZBA decision, a party *must* file a timely appeal under Chapter 40A. Pursuant to this statute, any person aggrieved by a ZBA decision may further appeal by filing a complaint in the appropriate court *and* providing notice of the action and a copy of the complaint to the town clerk within twenty days of the ZBA's decision having been filed in the town clerk's office. *See* note 1, *supra.* Generally, "failures in meeting the twenty-day deadline are not forgiven." *Bingham v. City Council of Fitchburg*, 52 Mass.App.Ct., 566, , 754 N.E.2d 1078, 1080 (Mass. App. Ct. 2001) (*citing Costello v. Board of Appeals of Lexington*, 3 Mass.App.Ct. 441, 333 N.E.2d 210 (Mass. App. Ct. 1975); *O'Blenes v. Zoning Bd. of Appeals of Lynxssn*, 397 Mass. 555, 492 N.E.2d 354 (Mass. 1986)). The Massachusetts Supreme Judicial Court has stated that requirements that notice be timely filed with the town or city clerk are "policed in the strongest way." *Pierce v. Bd. of Appeals*, 343 N.E.2d 412, 415 (Mass. 1976). However, while courts have strictly enforced the requirement that the town clerk receive notice of the complaint within the twenty-day period, "'[s]trict compliance with all the

details of the notice provision is not required, so long as notice adequate to serve the purpose of the provision is given within the period ….'" *Hickey v. Zoning Bd. of Appeals of Dennis*, 93 Mass. App. Ct. 390, 392-93, 103 N.E.3d 750, 753 (2018).

Where a town clerk does not receive notice by the end of the twenty-day statutory notice period, the complaint is subject to dismissal without regard to the reason for failing to meet the deadline. *See, e.g., O'Blenes,* 397 Mass. at 557-58, 492 N.E.2d at 356; *Bjornland v. Zoning Board of Appeals,*353 Mass. 757, 231 N.E.2d 365, 365-366 (Mass. 1967); *Bingham*, 53 Mass.App.Ct. at 569-70, 754 N.E.2d at 1081. Under Massachusetts law, the touchstone of the inquiry appears to be whether the town clerk had *actual notice* of the timely filing of the complaint within the appeals period, regardless of whether the complaint was actually served on the town clerk. *Id.,* at 393-94, 103 N.E.3d at 754; *Bingham*, 53 Mass.App.Ct. at 570-71, 754 N.E.2d at 1081-82. For example, Massachusetts state courts have found timely notice where a town clerk was made aware of a complaint although not served with a copy within the twenty-day period, or was served with a copy of the complaint somewhere other than at the town clerk office. *See, e.g.*, *Garfield v. Board of Appeals of Rockport*, 356 Mass. 37, 39, 247 N.E.2d 720, 722 (1969)**;** *Bingham*, 53 Mass.App.Ct. at 570-71,754 N.E.2d at 1081-82; *Konover Mgmt. Corp. v. Planning Bd. of Auburn*, 32 Mass.App.Ct. 319, 320-21, 588 N.E.2d 1365 (1992).

Plaintiff essentially contends that he actually or constructively filed a copy of the complaint with the Town Clerk on September 19th, the twentieth day following the ZBA decision. More specifically, he asserts first, that he attempted to serve the Town Clerk on the September 19th, but that the Town Clerk's office unexpectedly closed early that day. He then asserts that even if he failed to timely file his complaint with the Town Clerk, actual notice of the filing was accomplished: (i) when he emailed a copy of the complaint to Town counsel that day,

and/or (ii) because the Town Clerk "may" have been present at the Board of Selectman's meeting that night when he "announced" that he had filed a complaint. The Plaintiff has not cited, and this Court has not found, any Massachusetts federal or state court case addressing the issue of whether an exception should be made to the notice requirement where a town clerk's office has unexpectedly closed early on the day that a zoning board appeal must be filed and I need not do so in this case. Holdcraft's counsel has filed an affidavit stating that he arrived at the Town building between 3:45 and 4:00 p.m. on *Monday* September 19, 2017 and found the Town building open, but the Town Clerk's office closed. However, while the Town building may have been open at that time, *the Town Clerk's Office closes at 3:00 p.m. on Mondays*—in fact, the only week day the Town Clerk's office is open after 3:00 p.m. is Wednesdays (when it is open to 8:00 p.m.).[2] Moreover, neither the fact that Holdcraft emailed a copy of the complaint to Town counsel on September 19, 2017, nor his assertion in his self-serving affidavit that the Town Clerk *may* have been at the Town meeting where he announced that he had filed a complaint establishes that he satisfied the notice requirement. The relevant inquiry is whether the town clerk received actual (not speculative) notice that a complaint had been filed within the twenty-day statutory period. *See Bingham*, 52 Mass. App.Ct. at 566, 754 N.E.2d at 1078 (in which notice was untimely when given to the mayor on the twentieth day but not seen by the Clerk's office until the twenty-first).

Massachusetts courts have held that notice under Chapter 40A is not timely where a town clerk is not made aware of a complaint until after the twenty-day deadline. In this case, Plaintiff waited until the last possible minute to file his complaint with the Town Clerk and in doing so,

---

[2] At the hearing, counsel for Plaintiff acknowledged that the Town Clerk's office is closed after 3:00 p.m. Nowhere in his submissions or at the hearing has Plaintiff provide any explanation as to why he made no attempt to file the complaint in the Town Clerk's office during its normal business hours.

failed to determine in advance the operating hours of the Town Clerk's office. Under such circumstances, Plaintiff cannot point to any legal or equitable circumstances which would warrant excusing his failure to serve the Town Clerk within the twenty-day window.[3] *Accord Bingham*, 52 Mass.App.Ct. at 571, 754 N.E.2d at 1082 (noting that strict compliance with the twenty-day deadline is not undue burden; nor would be inquiry to appropriate clerk's office to determine the closing time of that particular office. Plaintiff should ensure accomplishment of such potentially outcome-determinative matter).

Plaintiff's requests for a declaratory judgement, injunctive, and equitable relief set forth in Counts One and Two of the complaint, are, in essence, an appeal of the ZBA's decision. *See Iodice v. Newton*, 491 N.E.2d 618, 621 (Mass. 1986) (finding that bringing an action for declaratory judgement was still an appeal within the meaning of Chapter 40A despite the differences in form). Because Plaintiff failed to comply with Chapter 40A's notice requirement, this Court is precluded from reconsidering the ZBA's decision and therefore these Counts must be dismissed.[4]

---

[3] Decisions from two jurisdictions that have addressed similar issues would support a finding that Holdcraft's notice was untimely. More specifically, the Texas Supreme Court determined that filing was untimely where an individual attempted to file a document on the last day of a statutory period only to find that the clerk's office had unexpectedly closed an hour early. *Glidden Co. v. Aetna Cas. & Sur. Co.*, 291 S.W.2d 315 (Tex. 1956). In *Shareef v. Donahoe*, 2012 U.S. Dist. LEXIS 37150, at *6-7 (W.D.N.C. Mar. 20, 2012), the Western District of North Carolina relied on extraordinary circumstances to allow for an exception to a filing deadline where a pro se individual attempted to file a document with the court only to find that the clerk's office had closed early, without notice to the general public. The Court was persuaded by the fact that attorneys in the jurisdiction would have been able to file online when the clerk's office was closed, something that pro se parties are prohibited from doing. *Id*. Plaintiff has not pointed to any such extraordinary circumstances which would exist in this case to excuse his late filing had the circumstances been that the Town Clerk's office unexpectedly closed early.

[4] Plaintiff suggests that by statute, he had ninety rather than twenty-days to appeal the ZBA's decision as a result of defects in the publication, mailing, or posting of the public hearing. These arguments are foreclosed for two reasons. First, assuming that the ZBA failed to comply with statutory notice requirements, Plaintiff received actual notice and was represented by counsel at the proceeding. Second, even assuming Plaintiff could bring a claim based on defective notice, "a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)(quoting *Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.,* 840 F.2d 985, 990 (1st Cir. 1988)).Plaintiff's vague allegations that his due process rights were violated and his quotation of a portion of the statute with no accompanying legal or factual analysis of why the statute applies in this case is insufficient to preserve this issue. Accordingly, I find that

<u>Whether Plaintiff States a Claim for Violation of His Constitutional Rights</u>

Plaintiff alleges that the Defendants violated his First Amendment rights and deprived him of his constitutional right to procedural due process. Little need be said about the due process claim, which is clearly without merit. The Supreme Court has made abundantly clear that:

> unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984). The Massachusetts statutory scheme set forth in Chapter 40A provides an adequate post-deprivation remedy for Holdcraft to challenge the ZBA's decision. Moreover, he cannot assert that he has been deprived of his due process rights simply as the result of his own failure to comply with Chapter 40A's notice requirement. Because the post-deprivation procedures in place provide a meaningful and adequate remedy, Holdcraft has failed to state a plausible claim for violation of his procedural due process rights.[5]

Plaintiff has also asserts that Defendants violated his constitutional rights by retaliating against him for exercising his First Amendment right of freedom of expression. In support of this

---

Plaintiff's argument that his claims are not subject to the twenty-day notice requirement in Chapter 40A is waived. *See also* my discussion of waived claims in note 5, *infra*.

[5]Although I have addressed the merits of this claim, I find it has been waived. I so find because the brief conclusory arguments made in Plaintiff's opposition brief and counsel's argument at the hearing fail to provide any legal analysis to support a procedural due process claim. *See Vargas-Colon v. Fundacion Damas, Inc.*, 864 F.3d 14, 24 (1st Cir. 2017)("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Additionally, to the extent that Plaintiff attempts to assert any claim for violation of the Massachusetts Declaration of Rights, either as a direct or statutory cause of action, such claims were not adequately developed and, therefore, are waived.

claim, Holdcraft relies on the following facts stated in the complaint: (1) Holdcraft had a sign on the Property which he used to criticize Snyder's abilities as a Board of Selectmen member, (2) Snyder does not own property near or live near Holdcraft's property, and (3) Snyder was persistent in seeking enforcement of the zoning bylaws. To state a claim for violation of his First Amendment rights, a plaintiff must show: (1) that he engaged in constitutionally protected conduct, (2) he was subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action. *D.B. v. Esposito*, 675 F.3d 26, 43 (1st Cir. 2012).

While Holdcraft has successfully alleged that the first two prongs have been met, his claim falls on the third prong. More specifically, in the complaint and at the hearing, Holdcraft proffered evidence that could support an allegation that Snyder, a Board of Selectmen member, may have initiated a complaint with the ZE Officer in retaliation for Holdcraft displaying a sign on his property critical of Snyder's job performance. However, he has failed to assert any factual allegations that the Defendants in this case, the Town and the ZBA, were motivated by Holdcraft's criticisms of Snyder in reaching a decision that was adverse to him. Instead, Holdcraft makes only the conclusory allegation that "the ZBA members were obviously happy to do their Selectman's bidding." This blithe, unsupported assertion is insufficient to establish the necessary link between his criticism of Snyder and the ZBA's motivation in reaching its decision. Given that the Plaintiff has not provided any factual support for the conclusion that the Town and/or the ZBA took action against him due to his protected speech activities, he has failed to state a plausible claim for violation of his First Amendment rights.

For the reasons set forth above, the motion to dismiss is granted. The dismissal shall be without prejudice as to Holdcraft's First Amendment claim and otherwise, with prejudice.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 7) is *granted*. The dismissal shall be without prejudice as to Holdcraft's First Amendment claim, and with prejudice as to the remaining claims. Plaintiff shall have leave to file an amended complaint on or before April 16, 2019 stating a plausible First Amendment claim. If he fails to file the amended complaint by that date, the entire case shall be dismissed with prejudice. Upon the timely filing of an amended complaint, the Defendants shall have thirty (30) days to file an answer or renew their motion to dismiss as to the First Amendment claim.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT COURT JUDGE**